THE STATE OF OHIO, APPELLANT, *v.* LINSON, APPELLEE.

(No. 55603—Decided December 12, 1988.)

*John T. Corrigan,* prosecuting attorney, and *John Reulbach,* for appellant.

*James R. Willis,* for appellee.

*Per Curiam.* At approximately 11:00 p.m. on July 8, 1987, two plainclothes police officers were driving westbound on Morrison Avenue toward East 105th Street in Cleveland, Ohio. As the officers approached the intersection, they noticed three males in a field engaged in a conversation. The officers stopped their unmarked police car and approached the three males. As they did so, they saw the defendant-appellee Ralph Linson place a folded business envelope in his pocket.

The police officers directed the suspects to walk over to the police cruiser and remove the contents of their pockets. After the appellee removed the envelope from his pocket, the officers discovered that it contained cocaine.

The appellee was arrested and charged with trafficking in drugs. The appellee filed a motion to suppress the cocaine seized by the police. After a hearing, the court granted the appellee's motion.

The state now appeals the trial court's ruling. In its sole assignment of error, the state seems to argue that the search of the appellee was proper because the police had an articulable suspicion that the appellee possessed drugs.

In *Terry* v. *Ohio* (1968), 392 U.S. 1, the Supreme Court held that when police have an articulable suspicion that a suspect has committed or is committing a crime, the police may conduct an investigatory stop of that suspect and may search that suspect to ensure their safety.

In *State* v. *Bobo* (1988), 37 Ohio St. 3d 177, 524 N.E. 2d 489, the Ohio Supreme Court upheld an investigatory stop and search of defendant's automobile from which the police recovered a firearm. The court noted that the test to be used to determine the appropriateness of an investiga-

tory stop was the totality of the circumstances. *Id.* at 178, 524 N.E. 2d at 490, citing *State* v. *Freeman* (1980), 64 Ohio St. 2d 291, 18 O.O. 3d 472, 414 N.E. 2d 1044, paragraph one of the syllabus. The court then went on and held that the investigatory stop and search in that case were proper in light of the facts that: (1) the area in which the incident occurred was an area of high drug activity; (2) it was nighttime when weapons could easily be hidden; (3) one of the officers who approached the suspect's vehicle was experienced in the surveillance of drug and weapon activities; (4) the officer had knowledge of how drug transactions occurred in the area; (5) the officer saw the suspect bend down as if to hide something in his automobile; (6) the officer had experience in recovering weapons and drugs in such situations; and (7) the police were away from the protection of their vehicle when they approached the suspect.

In this case, the reasons the police stopped to investigate the appellee and the others were because much drug activity took place in the area and because the officers recognized two of the suspects as persons they had arrested previously. At the suppression hearing, however, one of the arresting officers testified that it was not unusual for groups of people to congregate in the area of this incident at any time of the day or night. He further testified that the police did not pat down the suspects, and that they had the appellee empty his pockets only so they could examine the envelope they saw him deposit there. This witness never testified that the police searched the appellee to ensure their safety.

Since the search in this case was irrelevant to the protection of the police officers who performed it, it was not appropriate under either *Terry* or *Bobo, supra.* Accordingly, appellant's argument is without merit and its assignment of error is overruled.

*Judgment affirmed.*

ANN MCMANAMON, P.J., DYKE and STILLMAN, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.