The STATE of Ohio, Appellee,

v.

SCOTT, Appellant.

[Cite as *State v. Scott* (1989), 61 Ohio App.3d 391.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880225.

Decided April 5, 1989.

*Arthur M. Ney, Jr.,* prosecuting attorney, *Judith A. Anton* and *Patrick Dinkelacker,* for appellee.

*Charles A. Brigham,* for appellant.

*Per Curiam.*

This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County, Ohio.

The defendant-appellant, Wendell Scott ("defendant"), and two other subjects were observed by police in the parking lot of a tavern. The police watched as one of the persons rolled a marijuana cigarette and passed it to another who lit and began to smoke it. The police stated that at no time did they observe the defendant partake in the drug.

Subsequently, the police officers approached the three and announced their identities. One of the police officers stated that the defendant then dropped an object. A razor blade was found in the vicinity of the defendant. Another officer thereafter informed the defendant that he was going to search him for drugs and marijuana. The officer, while conducting the search, discovered a metal case in the defendant's rear trouser pocket. The officer reached into the pocket, removed the case, opened it, and found a small amount of cocaine wrapped in a piece of paper.

The defendant was thereafter arrested and charged with drug abuse in violation of R.C. 2925.11. He entered a plea of not guilty and moved to

suppress from evidence both the cocaine taken from his person and any statements made by him to the police.

When the motion was denied, the defendant changed his plea to no contest. The court, after reviewing the facts, found the defendant guilty as charged and sentence was thereafter imposed.

In his sole assignment of error, the defendant alleges the trial court erred in overruling his motion to suppress. We agree.

The search of the defendant's person, conducted without a warrant, must be founded upon an exception to the Warrant Clause of the Fourth Amendment. The state seeks to rely upon two such exceptions.

■ First, the state asserts that when the police officers approached the defendant and announced their identities, the defendant was technically under arrest. Thus, it reasons, any search which followed was incident to that arrest and was legal. We do not agree.

In *State v. Barker* (1978), 53 Ohio St.2d 135, 139, 7 O.O.3d 213, 215, 372 N.E.2d 1324, 1328, certiorari denied (1978), 439 U.S. 913, 99 S.Ct. 285, 58 L.Ed.2d 260, the Supreme Court stated:

"An arrest occurs when the following four requisite elements are involved: (1) an intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested."

See, also, *State v. Darrah* (1980), 64 Ohio St.2d 22, 26, 18 O.O.3d 193, 195, 412 N.E.2d 1328, 1330; *State v. Mapes* (Dec. 21, 1988), Hamilton App. No. C–880089, unreported, 1988 WL 137459.

It is apparent, after reviewing the transcript of the suppression hearing, that the officer, upon approaching the defendant, did not intend at that time to place him under arrest. At the hearing the officer specifically stated that the defendant was not under arrest prior to the search. Thus, since the search preceded the arrest, we find it to be improper, and any evidence gained as a result of the search was inadmissible. See *State v. Gaddis* (1973), 35 Ohio App.2d 15, 64 O.O.2d 143, 299 N.E.2d 304.

■ The state also maintains that the search and the subsequent discovery of cocaine were constitutional under *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Pursuant to *Terry, supra,* a police officer may stop a person when the officer observes activity that reasonably causes him to believe that a crime is about to be committed. In the course of the stop, the officer may "pat down" the subject for weapons if he has a reasonable suspicion that the person is armed and dangerous.

In the case *sub judice*, it is clear, under all the circumstances, that the officer was justified in stopping the defendant. However, the scope of the search of the defendant is a different matter. After reviewing the transcript of the suppression hearing, we are persuaded that the officer's search of the defendant was directed at more than just discovering weapons. The officer expressly stated that he was going to check the defendant's pockets to see if he had any "marijuana or drugs." Further, the search itself was not limited to "patting down" the defendant but rather extended to reaching into the defendant's pockets for evidence; it was, in its scope, an unreasonable intrusion. We conclude, therefore, that the search was outside the boundaries of a *Terry* stop and frisk. See *State v. Stoken* (Jan. 25, 1989), Hamilton App. No. C–880006, unreported, 1989 WL 4723. Accordingly, based on the foregoing, we reverse the judgment of the trial court and remand this cause for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., UTZ and GORMAN, JJ., concur.