The STATE of Ohio, Appellant,

v.

RUCKER, Appellee.

[Cite as *State v. Rucker* (1990), 63 Ohio App.3d 762.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57728.

Decided Jan. 17, 1990.

*Gary DeRocco*, Assistant Prosecuting Attorney, for appellant.

*Patricia Snyder*, for appellee.

*Per Curiam.*

Appellant's argument that the trial court erred in granting defendant-appellee's motion to suppress is not well taken.

■ *Terry v. Ohio*, (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, requires that a stop, by a police officer, of an individual on the street must be reasonable. Reasonableness requires specific articulable facts and circumstances be present which give rise to a reasonable suspicion as opposed to an officer's inarticulate hunches. Under *Terry* there is narrowly drawn authority to permit, for the physical protection of a police officer, a reasonable search of a person for weapons. A police officer must be able to independently

demonstrate that he had *reason* to believe that he was dealing with an armed and dangerous individual who could endanger himself or others.

In this case, the record reveals that no articulable factual basis existed for the officer's stop of the appellee, Donald Rucker.  Rather, the record reveals that the officer's suspicion was simply aroused when he saw appellee walking down the street and place something in his pocket or hand something to his companion.  It is apparent that the officer acted on a hunch.  A hunch is not an accepted basis for an intrusion on protected rights.  Thus, the stop of appellee violated his Fourth Amendment rights.  Further, the record contains no evidence which would support an independent finding that the officer believed the appellee to be armed and dangerous.  Rather, the record reveals that after an unconstitutional stop of the appellee, a police officer simply reached into appellee's jacket pocket and pulled out a bag which happened to contain cocaine.  It is quite clear that neither of the *Terry* requirements was present in the stop and frisk of defendant-appellee.

The state's argument that drugs are the equivalent of weapons and thus a police officer's pat down of one whom he believes to be in possession of such items is justified, demonstrates a complete lack of understanding of the court's holding in *Terry* and the purpose they serve in protecting Fourth Amendment rights.

The trial court acted properly in granting appellee's motion to suppress the evidence.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN V. CORRIGAN, P.J., DYKE and FRANCIS E. SWEENEY, JJ., concur.