The STATE of Ohio, Appellee,

v.

MARINI, Appellant.

[Cite as *State v. Marini* (1992), 78 Ohio App.3d 279.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59482.

Decided Feb. 10, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, for appellee.

*Robert J. Sindyla,* for appellant.

PATRICIA A. BLACKMON, Judge.

Gino Marini, defendant-appellant, was indicted by the Cuyahoga County Grand Jury on one count of possession of cocaine, which was less than the bulk amount, in violation of R.C. 2925.11. Subsequently, he filed a motion to suppress the introduction of the cocaine at his trial on the ground that the search of his person was unlawful. The Cuyahoga County Common Pleas Court denied the motion, and appellant pleaded no contest. The trial court accepted appellant's no contest plea and agreed to incorporate the facts that were presented at the suppression hearing into the record as proof by the state of the charge of possession of cocaine. Thereafter, the trial court found appellant guilty and sentenced him to a term of one year in prison, which was suspended, and appellant was placed on one and one-half years' probation.

Appellant timely appeals the trial court's decision and assigns one error for this court to review. Because we hold that the trial court erred in denying the motion to suppress, we reverse.

On July 16, 1989, at about 3:58 a.m., Patrolman Gary Kuchta of the Parma Police Department was driving his police cruiser in the city of Brooklyn when he observed a gray Ford. He was some distance behind the Ford when he began his observation. He noticed the movement of the Ford and detailed that the driver was weaving, speeding up, and slowing down. He continued to follow the Ford and noted that there were two males in the vehicle. He did not detect any suspicious or furtive movement on the part of the occupants; however, he did believe that the movement of the vehicle was action that indicated to him that the occupants had been checking out the buildings. Therefore, he continued to detail the vehicle and pursued it into Parma.

Eventually, the suspected vehicle turned right onto Brookpark at Ridge and continued toward Knollwood Drive. Patrolman Kuchta did not follow the vehicle in the direction of Knollwood Drive; instead, he drove to Big Creek Parkway, the next street to Knollwood Drive. This route took Patrolman Kuchta to the business area of Westview Drive, where he thought the gray Ford was directed. Nevertheless, Patrolman Kuchta was incorrect in his belief and once he realized his mistake he drove his cruiser north onto Knollwood Drive, in further pursuit or search of the gray Ford.

He located the gray Ford, which was parked in the parking lot of the Knollwood Plaza apartment complex. He observed appellant and the unidentified male passenger standing next to the gray Ford. It was later determined that appellant lived at the complex.

Upon entering the plaza where the Ford was parked, Patrolman Kuchta exited his vehicle; at about the same time, appellant and the passenger walked away from the cruiser towards the apartment building.

After Patrolman Kuchta exited his vehicle, he could see that the right rear window of the Ford was broken. He then illuminated his flashlight in the direction of the window and the vehicle's ignition. Although the window was broken, the ignition was not punched. Patrolman Kuchta then saw a mirror on the front floor of the vehicle.

Thereafter, he stopped the males and asked who owned the vehicle, and appellant acknowledged that it was his vehicle. Patrolman Kuchta then ordered them to place their hands on the trunk of the cruiser at which time he started a pat-down search of the two men. During the pat-down search, Patrolman Kuchta observed two objects in appellant's pants pocket. He then reached into the pocket and retrieved a Swiss army knife and a key chain and a jewelry box that contained two bindles. Patrolman Kuchta identified the bindles as holders for cocaine. In one of the bindles was a white powdered substance, which tested positive for cocaine. Also during the search the patrolman felt white flakes inside appellant's pants pocket, which he believed were cocaine. Appellant was subsequently taken into custody and arrested.

Appellant assigns the following error for appeal:

"The trial court erred in denying defendant/appellant's motion to suppress the evidence seized as a result of a search based upon mere suspicion where there is no objective manifestation that the person stopped was, is or is about to engage in criminal activity or for the officer's self-protection."

Appellant's argument that the trial court erred in denying appellant's motion to suppress is well taken. The issue before this court is whether the protective search of appellant was warranted. We answer this question by looking to the standard set forth in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The Supreme Court of the United States defined the circumstances under which an officer is warranted in conducting a protective search:

" * * * We merely hold today that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be *armed and presently dangerous,* where in the course of investigating this behavior he identifies himself as a policeman *and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety,* he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." (Emphasis added.)

Thus, the court in *Terry* requires that an officer is entitled to conduct a protective search when the officer has made "reasonable inquiries," which

inquiries fail to dispel his "reasonable fear" for his safety. The officer must be able to independently demonstrate that he had reason to believe that he was dealing with an armed and dangerous individual who could endanger himself or others. *State v. Rucker* (1990), 63 Ohio App.3d 762, 580 N.E.2d 59.

In the present case, the record contains no evidence which would support an independent finding that the officer believed appellant to be armed and dangerous. The record reveals that appellant and another man parked appellant's car in a resident space and were walking in a lit parking lot toward appellant's apartment. The area was not a known drug area. The officer stated he told the two men to stop and walk toward him, and they followed his orders "peaceably." The officer stated he was suspicious that appellant's car was stolen as the right rear window was smashed out. Also, he looked in the car with a flashlight and observed a mirror with white powder on it. However, the officer admitted that he was not scared or in fear at any time and that the only question he asked of appellant was whether he owned the car, to which he responded, "Yes."

Once appellant identified himself as the owner of the car, the officer's suspicion of criminal activity should have ended, and the officer should have either made further inquiry of appellant or allowed appellant to go on his way. Instead, the officer, with no fear for his safety and no further inquiry made to determine whether the car was stolen, conducted the pat-down search of appellant. Under the totality of the circumstances, the officer had no reasonable objective basis for believing the appellant was armed and dangerous. Thus, the pat-down search of appellant was a violation of his Fourth Amendment rights.

Accordingly, the trial court's denial of appellant's motion to suppress evidence seized as a result of the unreasonable protective search should be reversed.

*Judgment reversed.*

FRANCIS E. SWEENEY, J., concurs.

MATIA, P.J., dissents.

I respectfully dissent from the majority's holding that the trial court improperly denied appellant Marini's motion to suppress evidence.

First, considering the totality of the circumstances, and giving due weight to the training and experience of Officer Kuchta, I find that the investigative stop which initiated the encounter to be proper in that the facts indicate that

(1) the police officer testified that his first suspicion was caused by the erratic driving, slowing down and speeding up of appellant, which caused him to suspect that appellant and passenger were checking the buildings on the street, possibly contemplating a break-in; and (2) the police officer's suspicions were again aroused when he observed appellant and his companion turn away from his on-coming car in two instances, and walk in the opposite direction, thus creating an inference that appellant and his companion were avoiding him, and therefore warranted his suspicions that something criminal, was, had been, or was about to be afoot.

Giving due weight to Officer Kuchta's experience and training, and viewing the evidence as it would be understood by him, I find that Officer Kuchta had evidence before him which presented a reasonable suspicion that criminal activity was afoot.

I further find that Officer Kuchta's *Terry* stop investigative questioning and pat-down were permissible on the facts as presented. The officer testified that he investigated the car because the broken window suggested that the car had been stolen. It is axiomatic that once the mirror and suspected cocaine inadvertently became "plain view" evidence, the officer was compelled to conduct a warrantless search. *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. Herein, the officer did not conduct his search until after he observed the mirror with suspected cocaine on it.

Therefore, applying the foregoing facts to the case *sub judice,* and relying on *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271, and *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, I find that the search and seizure within did not violate appellant Marini's Fourth Amendment rights. Therefore, I would affirm the judgment of the trial court and find that appellant's motion to suppress was properly denied.