The STATE of Ohio, Appellant,

v.

LOCKETT, Appellee.

[Cite as *State v. Lockett* (1994), 99 Ohio App.3d 81.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 67098.

Decided Dec. 12, 1994.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Michael B. Telep,* Assistant Prosecuting Attorney, for appellant.

*George E. Ressler,* for appellee.

*Per Curiam.*

This appeal was filed and briefed as an accelerated case pursuant to App.R. 11.1 and Local R. 25 of this court. The state of Ohio appeals from the judgment of the trial court, which granted appellee Jeffery Lockett's motion to suppress. We affirm.

At approximately 8:00 p.m. on September 7, 1993, two police officers who stopped at a traffic light observed two men standing on the sidewalk, drinking beer from an open container. Appellant "was in the area near the persons drinking beer." He claimed he was walking home from a store carrying pop and potato chips in a brown bag. This testimony was not disputed. The officers approached appellee, who was neither observed drinking nor engaging in any suspicious activity. Appellee was asked by one of the officers, "what reason do you have for being here?" He responded, "I'm just standing here." The officer who thought appellee was drunk or in need of medication did not arrest or frisk him, but rather ordered him to accompany him to the zone car. He was then searched twice and the second search yielded a pipe with cocaine residue. He was arrested for possession and using cocaine. Appellant testified that he was not drunk. Neither a breathalyzer test nor a field test was conducted to support the intoxication suspicion. The trial court believed appellee's version of the facts and granted his motion to suppress, holding the stop to be unjustifiable.

The drug problems facing this country notwithstanding, the United States of America remains a free country, and its citizens are not under any legal obligation to give reasons why they live or walk in their neighborhoods, even if their neighborhoods are not so affluent and bubbling with wealth and prestige. An officer who stops a citizen to frisk him must have a reasonable articulation

that a crime was committed or is about to be committed. *United States v. Cortez* (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621; *Ybarra v. Illinois* (1979), 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238; *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; see *State v. Rucker* (1990), 63 Ohio App.3d 762, 580 N.E.2d 59.

In the instant case, the officers' reason to double frisk and search appellant was based strictly on an articulable hunch, that if appellee is in that so-called high-crime neighborhood talking with two other males at 8:00 p.m., he must be selling or using drugs. As the record shows, the officers' suspicion was aroused simply because they saw appellant standing with two other black males. He was not observed doing anything. He was "just standing there." See *State v. Linson* (1988), 51 Ohio App.3d 49, 554 N.E.2d 146.

Mere association and conversation with known drug users are not enough to warrant an inference of current possession or sale of drugs. *Sibron v. New York* (1968), 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917. In *Sibron*, the court in its opinion stated at 62–63, 88 S.Ct. at 1902, 20 L.Ed.2d at 934–935:

"The inference that persons who talk to narcotics addicts are engaged in the criminal traffic in narcotics is simply not the sort of reasonable inference required to support an intrusion by the police upon an individual's personal security. Nothing resembling probable cause existed until after the search had turned up the envelopes of heroin. It is axiomatic that an incident search may not precede an arrest and serve as part of its justification."

Again in *State v. Rucker, supra*, 63 Ohio App.3d at 764, 580 N.E.2d at 60, the court held:

" * * * It is apparent that the officer acted on a hunch. A hunch is not an accepted basis for an intrusion on protected rights. Thus, the stop of appellee violated his Fourth Amendment rights. Further, the record contains no evidence which would support an independent finding that the officer believed the appellee to be armed and dangerous. Rather, the record reveals that after an unconstitutional stop of the appellee, a police officer simply reached into appellee's jacket pocket and pulled out a bag which happened to contain cocaine. It is quite clear that neither of the *Terry* requirements was present in the stop and frisk of defendant-appellee." See, also, *State v. Scott* (1989), 61 Ohio App.3d 391, 572 N.E.2d 819; *State v. Linson, supra; State v. Matthews* (Oct. 10, 1991), Cuyahoga App. No. 61487, unreported, 1991 WL 205634.

Since the totality of the circumstances in the instant case did not justify the investigative stop of appellee, the stop was unconstitutional, and the subsequent double search of his person was also illegal. See *State v. Barrow* (1978), 60 Ohio App.2d 335, 397 N.E.2d 422.

The trial court properly suppressed the evidence, and the state's assignments of error are overruled. See *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

*Judgment affirmed.*

NAHRA, C.J., HARPER and WEAVER, JJ., concur.