Dante Reynolds, defendant-appellant, brings his appeal from the judgment finding him guilty upon his plea of no contest to the charge that he possessed "crack cocaine" in an amount that exceeded one gram but did not exceed five grams, and from the concomitant sentence of thirteen months of confinement and a suspension of his driver's license.
The singular assignment of error is that the court erred in overruling his motion to suppress evidence recovered in a police officer's warrantless search of his person.
At about 3:40 p.m. on June 11, 1998, an afternoon on which the weather was clear, two uniformed Cincinnati police officers were on routine patrol in a marked vehicle in what they described as "a very high drug trafficking area." At the hearing on Reynolds's motion to suppress evidence, the officer who had been driving the police cruiser testified that he saw, from a distance of seventy feet, Reynolds walking on the sidewalk and apparently conversing with another man. As the vehicle approached Reynolds, he walked in the opposite direction and "appeared to have his right hand cupped as if possibly concealing something." On cross-examination, the officer stated that it was "just a closed fist" and that he "could not see what was in his fist."
The officers circled and returned to the vicinity where Reynolds had remained, and as they approached, he walked toward their cruiser and "stuck his right hand [that in which Reynolds appeared to have something concealed] in his right jacket pocket." The driving officer exited from the cruiser and stopped Reynolds upon his belief that "he was possibly concealing some type of contraband, and perhaps a weapon, perhaps drugs." The officer testified that because he was concerned for his personal safety, he "focused on the right jacket pocket" and conducted a pat-down search of it. The officer detected "a small lump," which felt like "some packaging material," but "didn't feel like a weapon." He retrieved a single marijuana cigarette and continued the search, concentrating on the left jacket pocket. There, he felt a large, hard object that, when removed, turned out to be a digital scale. In sequence, the officer found the "crack cocaine" specified in the indictment and a quantity of marijuana in a plastic bag.
Although both the prosecutor and Reynolds's counsel in this appeal have stated that the trial court "suppressed" the marijuana found in Reynolds's right jacket pocket upon the authority ofTerry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, the trial court's entry overruling the motion (which addressed only the "crack cocaine that was seized") does not specifically reflect that ruling. There is only a cryptic statement from the court that "the defense has made a good point with regard to the marijuana and, frankly, I agree with that * * *." Whatever may be derived from the court's remarks, we do not take than to state a conclusion that, as a matter of law, part of the search was unreasonable to the extent that it invalidated the remainder.
Without question, Terry, supra, requires that a stop of an individual on the street, such as that effected by the police officer here, must be reasonable. "Reasonableness," in turn, requires the existence of specific, articulable facts and circumstances justifying an officer's suspicion, as opposed to an inarticulate "hunch," that he is being confronted by an armed individual dangerous to the officer and others. See State v.Rucker (1990), 63 Ohio App.3d 762, 580 N.E.2d 59.
In the case before us, the record, as we see it, reveals that the officer's suspicion was aroused simply because Reynolds was walking with his hand cupped or clenched into a fist and then placed into a pocket of his jacket. There is no evidence that would support an independent finding that the officer believed Reynolds to be armed and dangerous. In retrospect, the officer's intuitive belief that Reynolds possessed illicit drugs was correct, but that cannot justify either his pat-down search or the more extensive searches that followed.
Resultantly, we hold that neither of the two officers had a reasonable and articulable suspicion that Reynolds was engaged in criminal activity and that, therefore, the initial detention violated Reynolds's rights under the Fourth Amendment to the U.S. Constitution. From that, it follows inexorably that the subsequent pat-down search violated those same rights and, so, barred the use of all evidence thereafter obtained. See State v.Black (Dec. 31, 1998), Hamilton App. No. C-970874, unreported.
The assignment of error is well taken and is sustained. Therefore, the judgment of the Hamilton County Court of Common Pleas is reversed and this cause is remanded for further proceedings in law not inconsistent with this decision.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgement reversed and cause remanded.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.