JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Plaintiffs-appellants Cheryl Horne and Latrice Horne appeal from the trial court's judgment that granted a motion to dismiss in favor of defendants-appellees, the city of Cincinnati, Lisa Dotson, Adam Hennie, Carl Shircliff, and Daniel Kreider. For the reasons that follow, we affirm the judgment of the trial court.
This case involves a complaint in which the Hornes alleged violations of Section 1983, Title 42, U.S. Code. The complaint alleged that on May 31, 2001, after Cheryl Spellman Horne and Latrice Horne had exited from their car, police officers in the area shouted for them to get back in the car. The officers told Horne that the car had been involved in a shooting earlier that day. Cheryl explained to the officers that the car had been parked in an employee garage all day, and that the officers had made a mistake. The officers continued to shout at Cheryl and Latrice, and when Latrice questioned the officers, she was arrested. Cheryl was also arrested for resisting an officer in violation of R.C. 4513.36. The charges were eventually dismissed. The complaint also stated that "Cincinnati has a policy and practice of depriving citizens of their Fourth Amendment Rights to be free from illegal searches and seizures."
On September 9, 2002, the Hornes filed a complaint against the city in the Southern District Court of Ohio. After concluding that the city's motion to dismiss was well taken, the federal district court granted the Hornes' motion for leave to file an amended complaint. The Hornes filed the amended complaint in February 2003. The city filed a motion to dismiss the amended complaint, arguing that the complaint failed to state a claim against the police officers and the city, and that the police officers were entitled to qualified immunity. The Hornes did not file a response to the city's motion. In its order dated June 5, 2003, the district court stated that the city's motion was well reasoned. But the court did not analyze the issues raised in the motion. Instead, the court dismissed the Hornes' amended complaint without prejudice because no response had been made to the city's arguments.
On June 26, 2003, the Hornes filed a complaint in the Hamilton County Court of Common Pleas. Other than the caption, the complaint was identical to the amended complaint that had been filed and dismissed in the district court. The city filed a motion to dismiss the complaint, arguing that it had been filed beyond the statute of limitations, that it was barred by the previous dismissal in federal court, that the police officers were entitled to qualified immunity, and that the complaint failed to state a claim upon which relief could be granted. The trial court granted the motion to dismiss on all the grounds asserted except for the statute of limitations.
In their first assignment of error, the Hornes contend that the trial court erred by ruling that R.C. 2305.19 did not save the complaint from dismissal on statute-of-limitation grounds. The Hornes are mistaken in asserting that the trial court so ruled. Rather the trial court concluded that the complaint was not barred by the statute of limitations due to the application of R.C. 2305.19. Accordingly, the first assignment of error is overruled.
In their second assignment of error, the Hornes claim that the trial court erred in granting the motion to dismiss because the complaint adequately pleaded Fourth Amendment violations. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recovery."[1] In order to survive a motion to dismiss a complaint based on Section 1983, Title 42, U.S. Code, the pleadings must allege that the conduct in question was performed under color of state law and that the plaintiff was deprived of a federal right.[2]
The Hornes alleged that they had been deprived of their Fourth Amendment right to be free from unreasonable searches and seizures. "Bare bone assertions that a federal right was violated [are] insufficient to overcome a motion to dismiss."[3] The Hornes did not allege any operative facts to support their allegation that the police conduct in stopping them was unreasonable. The complaint did not dispute the police officers' statements that they stopped the Hornes because the officers suspected their car had been involved in a shooting earlier in the day. Despite alleging that Cheryl had told the officers that the car had been parked all day, the Hornes did not allege any facts to suggest that the officers' reason for stopping them was not based on "specific, articulable facts."[4] Similarly, the complaint did not allege any facts to support their allegation that their arrests were unreasonable.
Because the Hornes did not allege sufficient facts to support their theory that the officers had deprived them of their federal rights, the trial court properly granted the motion to dismiss. The second assignment of error is without merit. The Hornes' final assignment of error is that the trial court erred in concluding that the police officers were entitled to qualified immunity. Because our conclusion regarding the second assignment is dispositive of the appeal, we need not address the third assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[2] Cooperman v. University Surgical Associates, Inc. (1987),32 Ohio St.3d 191, 199, 513 N.E.2d 288.
[3] Aloi v. Carroll (Sept. 23, 1994), 11th Dist. No. 93-T-4972.
[4] See Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868;State v. Franklin (1993), 86 Ohio App.3d 101, 619 N.E.2d 1182.