OPINION
{¶ 1} Defendant-Appellant Juan A. Richardson ("Richardson") appeals from the June 1, 2006 Judgment Entry of Sentence of the Court of Common Pleas, Seneca County, Ohio sentencing him to three years in prison for the charge of Having Weapons While Under Disability in violation of Ohio Revised Code Section 2923.13(A)(2) and 12 months in prison for the charge of Carrying a Concealed Weapon in violation of Ohio Revised Code Section 2923.12(A)(2)
 {¶ 2} These charges stem from events occurring on January 7, 2006 in Fostoria, Ohio. At approximately 10:00 p.m. four uniformed officers from the Fostoria Police Department were on patrol at the Fostoria Townhouses, an apartment complex in the area of Beier and Peeler Drives. Within minutes of entering the apartment complex on foot patrol, Officer Shilo Frankart ("Frankart") observed a man running eastbound directly in front of him. This man was later determined to be Richardson. Upon observing Richardson running, Frankart identified himself as police and ordered Richardson to stop. However, Richardson continued running so Frankart proceeded to chase after him. During the chase, Frankart illuminated Richardson with his police flashlight and observed a silver object fall out of Richardson's pocket. This item was subsequently determined to be a cell phone that had Richardson's photo on it.
 {¶ 3} Frankart continued chasing Richardson to a patio area behind an apartment with a six foot wood privacy fence separating the apartment building from another building in the complex. Frankart observed Richardson make a heaving or throwing motion at the fence and then turn around and shout "Rah!" at Frankart. Frankart secured Richardson and briefly placed him in investigative custody while he searched the area.
 {¶ 4} Frankart's search revealed a loaded handgun on the opposite side of the six foot fence. After the search was complete Frankart advised Richardson of his Miranda warnings and spoke with him about the incident. Richardson denied throwing a gun but admitted throwing the cell phone. Frankart then arrested Richardson and determined that Richardson did not have a permit to carry a concealed weapon.
 {¶ 5} It was subsequently determined that on November 22, 2005 Richardson had been convicted in the Lucas County Court of Common Pleas (Case No. G-4801-CR-00502850-000) for the felony offense of Robbery and had been placed on community control supervision. One of the terms of Richardson's community control was that he was not allowed to carry a weapon.
 {¶ 6} On February 22, 2006 a Seneca County Grand Jury indicted Richardson on one count of Having Weapons While Under Disability in violation of Ohio Revised Code 2923.13(A)(2), and one count of Carrying a Concealed Weapon in violation of Ohio Revised Code Section2923.12(A)(2).
 {¶ 7} On March 23, 2006 Richardson filed a motion to suppress the evidence seized by the State as the result of an unwarranted and unreasonable search of Richardson. On April 4, 2006 the trial court conducted a hearing on Richardson's motion to suppress wherein the State presented the testimony of Officer Frankart. The court subsequently overruled Richardson's motion in its Judgment Entry dated April 10, 2006 finding that the police had reasonable suspicion to stop Richardson and as a result, properly seized all evidence in the investigation.
 {¶ 8} This matter proceeded to a two-day jury trial on April 24, 2006. At the close of the State's case, Richardson moved for a Criminal Rule 29 Motion for Acquittal alleging that the evidence presented was insufficient to support a conviction on either of the two charges. The court overruled Richardson's motion. The matter then proceeded to Richardson's case in chief, however Richardson rested without offering any witnesses or testimony.
 {¶ 9} At the close of the evidence, the jury found Richardson guilty of Count I, Having Weapons While Under Disability in violation of R.C.2923.13(A)(2), a felony of the third degree and Count II, Carrying a Concealed Weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree.
 {¶ 10} On May 31, 2006 Richardson's sentencing hearing was held pursuant to section 2929.19 of the Ohio Revised Code. The court sentenced Richardson to three (3) years in prison for his conviction of Having Weapons While Under Disability and 12 months in prison for his conviction of Carrying a Concealed Weapon. The court ordered these sentences to be served concurrently with one another and concurrently with Richardson's case "pending in Lucas County if the law allows." The court also granted Richardson credit for 155 days already served.
 {¶ 11} Richardson now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS CERTAIN EVIDENCE GATHERED BY THE POLICE IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHTS.
 {¶ 12} In his first assignment of error, Richardson argues that the officer did not have specific and articulable facts which would reasonably lead him to believe that Richardson was involved in specific criminal activity so as to allow the officer to chase and stop Richardson.
 {¶ 13} When a trial court considers a motion to suppress, it must make both factual and legal findings. State v. Jones 9th Dist. No. 20810, 2002-Ohio-1109. At a suppression hearing, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v.Carter (1995), 72 Ohio St.3d 545, 552, 651 N.E.2d 965; State v.Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Appellate review of a decision on a motion to suppress presents a mixed question of law and fact. State v. Kuhn 3rd Dist. No. 4-06-16, 2006-Ohio-5390 citingUnited States v. Martinez (C.A.11, 1992), 949 F.2d 1117, 1119. When reviewing a trial court's decision on a motion to suppress, an appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence. Id. at ¶ 11 citing State v.Dunlap (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988. We must defer to "the trial court's findings of fact and rely on its ability to evaluate the credibility of witnesses[,]" and then independently review whether the trial court applied the correct legal standard. State v.Anderson (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034.
 {¶ 14} In the present case, Richardson maintains that because the police did not have authority to stop him, a chase should not have occurred. Richardson claims that his apprehension and arrest were illegal and that any contraband seized as a result of this illegal arrest must be suppressed. Specifically, Richardson argues that without the chase the police would not have discovered the cell phone or the handgun on the other side of the fence.
 {¶ 15} However, for the reasons stated below, we cannot find that Richardson was apprehended for Fourth Amendment purposes when Officer Frankart began chasing him. Moreover, we find that no Fourth Amendment issue is involved in the recovery of the evidence in this case because Richardson abandoned both the cell phone and handgun prior to being apprehended.
 {¶ 16} Our findings are supported by California v. Hodari D. (1991),499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 wherein the narrow question before the United States Supreme Court was whether, with respect to a show of authority as with respect to application of physical force, a seizure occurs even though the subject does not yield.Id. at 626, 111 S.Ct. at 1550.
 {¶ 17} Hodari involved police pursuit of an individual who discarded an item from his person. In Hodari, the suspect threw away the contraband before being tackled by the police. Hodari claimed that he had been seized at the moment the police started chasing him, and that since the state had conceded that there was no reasonable suspicion to justify the seizure, the abandonment was the product of unlawful police conduct. Id. at 622-24, 111 S.Ct. at 1549.
 {¶ 18} Justice Scalia, writing for the majority, rejected that claim and determined that in assuming the officer's pursuit in the case constituted a "show of authority" enjoining Hodari to halt, since Hodari did not comply with that injunction, he was not seized until he was tackled. Id. at 629, 111 S.Ct. 1552. The cocaine abandoned while Hodari was running was therefore not the fruit of a seizure and his motion to exclude evidence of it was properly denied. Id.
 {¶ 19} In State v. Alexander (1997), 120 Ohio App.3d 164,697 N.E.2d 255, the Eighth District stated that "[t]he mere fact of a suspect running away from an approaching officer in a high drug activity area is insufficient to justify an investigatory stop." Id. at 170. However, the court applied Hodari, supra, and held that the evidence sought to be suppressed was abandoned before the defendant was seized and also found that the evidence was not the fruit of an unreasonable seizure and thus was not subject to exclusion. Id. at 171.
 {¶ 20} Furthermore, in State v. Franklin (1993), 86 Ohio App.3d 101,619 N.E.3d 1182, the First District noted that either physical contact or submission to authority is necessary to affect a seizure of a person. Accordingly, pursuant to Hodari, a police officer's order to halt, when not complied with, does not violate the suspect's Fourth Amendment rights.Id. at 105.
 {¶ 21} We note that Richardson did not submit to Officer Frankart's authority in ordering him to stop, and no physical force was applied to Richardson before he discarded the cell phone and handgun. Moreover, even assuming that Frankart's pursuit constituted a "show of authority" enjoining Richardson to halt, Richardson did not comply with that injunction and therefore was not actually seized until he was secured in investigative custody by Frankart. Thus, we find that the items abandoned by Richardson while he was running were not the fruit of a seizure.
 {¶ 22} Accordingly, we find that the trial court was correct in overruling Richardson's motion to suppress, albeit not for the reasons stated by the trial court. Instead, we find that the proper basis for overruling said motion is that Officer Frankart's chase and subsequent investigatory stop did not amount to a Fourth Amendment violation in that the evidence recovered by the police was not the fruit of an unreasonable seizure and was not subject to exclusion. Accordingly, Richardson's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL UNDER CRIMINAL RULE 29 IN THAT THE EVIDENCE PRESENTED IN THE STATE'S CASE WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
 {¶ 23} In his second assignment of error, Richardson contends that the trial court improperly overruled his Criminal Rule 29 motion for acquittal because the prosecution failed to prove that he knowingly had or carried a firearm.
 {¶ 24} Crim.R. 29(A) provides as follows:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
 {¶ 25} However, "a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. The Bridgeman standard must be viewed in light of the sufficiency of evidence test set forth inState v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492 at paragraph two of the syllabus. State v. Edwards 3rd Dist. No. 9-03-63,2004-Ohio-4015. In Jenks, the Ohio Supreme Court held that "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, supra.
 {¶ 26} We note that Richardson concedes that "it is clear that the evidence on most of the elements of the two charges of the indictment can easily meet the standard necessary to survive a Rule 29 motion . . ." However, we note that Richardson argues that there was insufficient evidence presented to establish that Richardson had or carried a firearm, a necessary element of both Having Weapons While Under Disability and Carrying a Concealed Weapon. See R.C. 2923.13(A)(2); R.C.2923.12(A)(2).
 {¶ 27} The evidence presented at trial established that Officer Frankart observed Richardson make a heaving or throwing motion at a six foot fence. Once Frankart searched the area, he found a loaded handgun just on the opposite side of the fence. No one else was in the area at this time; the handgun was not covered up and was simply on the ground next to the fence. The evidence also established that although there was moisture on the ground where the handgun was found and there was moisture on the side of the gun that was lying in the grass, there was no moisture on the side of the gun facing up.
 {¶ 28} A trial court's function in ruling on a Crim.R. 29(A) motion for acquittal is to examine all of the evidence admitted at trial and then determine whether reasonable minds could reach different conclusions as to whether all material elements of the offenses charged were proven beyond a reasonable doubt. State v. Blankenship (1995),102 Ohio App.3d 534, 551, 657 N.E.2d 559[1] citing State v.Apanovitch (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394.
 {¶ 29} A review of the circumstantial evidence presented by the State leads us to conclude that reasonable minds could reach different conclusions as to whether each material element of each crime in the indictment was proved beyond a reasonable doubt. In sum, our review of the record indicates that the State presented evidence upon which a rational trier of fact could conclude that Richardson had or carried a firearm while under a legal disability in violation of R.C.2923.13(A)(2) and that Richardson had or carried a handgun concealed on his person in violation of R.C. 2923.12(A)(2). Therefore, we cannot find that the trial court committed error by denying Richardson's Crim.R. 29 motion for acquittal. Accordingly, Richardson's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL. {¶ 30} In his third assignment of error, Richardson claims that his trial counsel was ineffective by not stipulating to certain evidence. Specifically, Richardson argues that his counsel should have stipulated to the prior felony conviction in Lucas County and stipulated that the item the State alleged Richardson possessed was a handgun. Richardson argues that as a result of his counsel's failure to stipulate to these facts, the jury heard inflammatory and confusing evidence that was unnecessary to establish the elements of the charges against him.
 {¶ 31} To demonstrate ineffective assistance of counsel, the burden is on the criminal defendant to "show that counsel's performance was deficient." Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed. 674. The Ohio Supreme Court has adopted the two part test articulated in Strickland for demonstrating ineffective assistance of counsel. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 32} In order to prevail on a claim of ineffective assistance of counsel, Richardson must establish both of the following:
 1. Trial counsel made errors so serious he was no longer functioning as counsel in the manner guaranteed by the Sixth Amendment; and 2. There is the reasonable probability that were it not for trial counsel's errors, the results of the trial would have been different.
See Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley
(1989), 42 Ohio St.3d 136. Thus, under this standard, Richardson must show that his counsel's performance fell below an objective standard of reasonable representation and that prejudice arose from that deficient performance. State v. Bradley (1989), 42 Ohio St.3d 136, 142. However, Ohio licensed attorneys are presumed competent in their representation of a defendant's interests. State v. Hoffman (1988),129 Ohio App.3d 403, 407, 717 N.E.2d 1149. Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. State v. Malone (Dec. 13, 1989), Montgomery App. No. 10564, 1989 WL 150798.
 {¶ 33} We note that the state must provide sufficient proof necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of an offense. State v. Smith (1990),68 Ohio App.3d 692, 695, 589 N.E.2d 454 citing In re Winship (1970), 397 U.S. 358, 364,90 S.Ct. 1068, 25 L.Ed.2d 368. When a previous conviction is an element of an offense, the state must prove the prior offense beyond a reasonable doubt. Smith, 68 Ohio App.3d 692 at 695. Neither the state nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction. Id.
 {¶ 34} In the present case, Richardson was charged with Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2). This charge alleged that Richardson did "have, carry, or use any firearm" and that he had previously been convicted "of a felony offense of violence." R.C.2923.13(A)(2). Therefore, the State was required to prove that Richardson had a prior conviction for an offense of violence and the State could not be forced to stipulate to the existence of Richardson's prior conviction. Furthermore, pursuant to R.C. 2945.75(B), the State was not permitted to rely on a certified entry of Richardson's prior conviction alone and must instead offer at least the entry "together with evidence to identify the defendant named in the entry as the offender in the case at bar."
 {¶ 35} As pertaining to Richardson's prior conviction for an offense of violence, the record establishes that the State called Lucas County Probation Officer Megan Simpson ("Simpson") to testify regarding the identification of Richardson and her supervision of him in Lucas County. Simpson testified that she was supervising Richardson on community control pursuant to his sentence for a third degree felony conviction of Robbery. Simpson also testified that a condition of Richardson's community control was that he was not allowed to carry or possess any weapons and that he had not been relieved of his legal duty to not carry or possess any weapons.
 {¶ 36} Additionally, Simpson testified that she believed Richardson's conviction was related to a stolen automobile. Although the record reflects that the State's attorney subsequently referred to Richardson's prior felony conviction for Robbery as a "car jacking", the record also reflects that Richardson's counsel promptly objected to the State's incorrect characterization and that the court sustained this objection.
 {¶ 37} We disagree with Richardson's argument that Simpson's testimony as to Richardson's identity and his prior conviction went too far. We find that Simpson's testimony was required to prove the elements of Richardson's charge of Having a Weapon While Under Disability. R.C.2923.13(A)(2); R.C. 2945.75(B). Therefore, we do not find that Richardson's trial counsel was ineffective in not attempting to limit the testimony of Simpson.
 {¶ 38} Additionally, in prosecuting Richardson on the charge of Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2), the State was also required to prove that Richardson did "have, carry, or use any firearm." Pursuant to R.C. 2923.11(B)(1), ""Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. "Firearm" includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." Therefore, the State was required to prove the element that Richardson had a firearm that was capable of expelling a projectile, and the State could not be forced to stipulate to the fact that the handgun recovered was in fact a firearm meeting the requirements of R.C. 2923.11(B)(1).
 {¶ 39} Regarding the specifics of the handgun in this case, the record establishes that the State called Forensic Scientist John Heile ("Heile") to testify about his examination of the handgun. Heile testified that he test fired the handgun to determine the operability of the gun to fire readily. Heile testified that he was able to successfully test fire the handgun one time before having to moderately clean and lubricate the handgun for it to fire consecutively. Heile testified that he was able to fire the handgun without doing any alterations to it, and that the actual components of the handgun were in proper working order. Heile opined that the handgun was a deadly weapon capable of expelling or propelling one or more projectiles by the action of any explosive or combustible propellant.
 {¶ 40} We disagree with Richardson's contention that the testimony offered by Heile was superfluous and only served to inflame the jury. As the State must provide sufficient proof necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of an offense, the State was not required to stipulate that the handgun recovered by the police met the definition of a firearm and instead, the State was allowed to offer extensive testimony on this element. We find that Heile's testimony concerning the functionality of the handgun was necessary to prove the elements of Richardson's charge of Having a Weapon While Under Disability, especially within the context of R.C.2923.11(B)(1). Therefore, we do not find that Richardson's trial counsel was ineffective in not attempting to limit the testimony of Simpson.
 {¶ 41} Accordingly, we conclude that the evidence in this case does not establish that Richardson's counsel provided ineffective assistance. The actions taken by Richardson's counsel do not fall below an objective standard of reasonable representation. Nor, in this case, did they create any reasonable probability of a different outcome. Therefore, Richardson's third assignment of error is overruled.
Judgment affirmed.
 ROGERS, P.J. and BRYANT, J., concur.
[1] State v. Blankenship (1995), 102 Ohio App.3d 534, 657 N.E.3d 559, appeal not allowed 73 Ohio St.3d 1426, 652 N.E.2d 799, denial of post-conviction relief affirmed 1995 WL 746232, dismissed, appeal not allowed 75 Ohio St.3d 1484, 664 N.E.2d 535, denial of post-conviction relief affirmed 74 Ohio St.3d 522, 660 N.E.2d 448, 1996-Ohio-58, denial of post-conviction relief affirmed 1997 WL 70073, dismissed, appeal not allowed 81 Ohio St.3d 1466, 690 N.E.2d 1287.