## DARIUS WHITHEAD *vs.* JOHN S. KEYES.

No exception lies to the decision of a judge of the superior court upon the question whether a deposition which has been read in evidence in a trial shall be delivered to the jury when they retire to consider of their verdict.

In an action against a sheriff for an escape suffered by his deputy, the return of a rescue upon the writ is not conclusive evidence in favor of the defendant.

An officer is not bound to call for aid in the service of mesne process, and is not liable for an escape that might have been prevented by his calling for aid.

An officer is bound to use all reasonable and proper personal exertions to secure a person for whose arrest he has a writ; and if, in the opinion of the jury, he has not done so, he may be held liable for an escape, although he used all such exertions as he deemed necessary at the time.

An officer effects an arrest by laying his hand upon a person whom he has authority to arrest, for the purpose of arresting him, although he may not succeed in stopping or holding him.

TORT against the sheriff of Middlesex county, for the default of his deputy.

The facts which appeared at the second trial in the superior court were substantially the same as those which appeared at the first trial, reported in 1 Allen, 350. The objection heretofore taken, that the present action could not be maintained, because the plaintiff did not enter his action against Stoddard, the defendant in the original writ, was renewed; but *Putnam*, J. overruled it. The deputy returned a rescue upon the writ, and the defendant contended that this return was conclusive; but the judge ruled that it was not conclusive, but was evidence for the consideration of the jury.

The judge also ruled, against the defendant's objections, that certain depositions which had been read in evidence by the defendant should not be delivered to the jury when they retired to consider of their verdict.

The defendant requested the court to instruct the jury that the officer, although he might call for aid in arresting Stoddard, the defendant in the writ, was not bound to do so. The judge declined so to rule, and instructed the jury that the officer had the power to call for aid, and it was for them to determine whether, under the peculiar circumstances of the case, he ought not to have done so, and whether if he had done so he could have

succeeded in detaining Stoddard, and whether or not it showed negligence in not calling for aid.

The defendant also requested the court to instruct the jury that he would not be liable for an escape provided the officer used all such reasonable and proper exertions as he deemed necessary to secure Stoddard. The judge declined so to rule, and instructed the jury that the defendant would not be liable provided the deputy used all such exertions as they should con-- sider reasonable and proper under all the circumstances of the case.

The defendant also requested the court to instruct the jury that if the hold taken of Stoddard by the officer was only for an instant, and Stoddard broke away from that hold by superior force, or was rescued therefrom by the interference of others, this would be a sufficient retaking by the officer to allow him to return a rescue. The judge declined so to rule, and instructed the jury that to enable the defendant to set up a re-arrest of Stoddard by the officer, the hold by the officer would not be sufficient unless Stoddard was held and stopped, or the officer had such a hold of him that it was in his power to stop him.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*D. S. Richardson & S. A. Brown,* for the defendant. 1. The plaintiff should have entered his action against Stoddard in court. 2. In this form of action, the officer's return was conclusive. An officer's return cannot be contradicted by parties and privies, except in an action for a false return. Sewell on Sheriffs, 387. Atkinson's Sheriff Law, 248. Allen on Sheriffs, 58. Gwynne on· Sheriffs, 473. Vin. Ab. Return, 23. 2 Dane Ab. 645. Lofft, 372. *Goubot* v. *De Crouy,* 2 Tyrwh. 906. *Rex* v. *Elkins,* 4 Burr. 2129. *Barr* v. *Satchwell,* 2 Stra. 813. *Bates* v. *Willard,* 10 Met. 80. *Estabrook* v. *Hapgood,* 10 Mass. 313. *Gardner* v. *Hosmer,* 6 Mass. 327. *Angier* v. *Ash,* 6 Fost. (N. H.) 105. *Brown* v. *Davis,* 9 N. H. 79. *Buckminster* v. *Applebee,* 8 N. H. 546. *Sias* v. *Badger,* 6 N. H. 393. *Stinson* v. *Snow,* 1 Fairf. 263. *Evans* v. *Parker,* 20 Wend. 622. *Putnam* v. *Man,* 3 Wend. 202. *Bank of Gallipolis* v. *Domigan,* 12 Ohio, 220.

*Egery* v. *Buchanan,* 5 California, 53. 3. An officer is not bound to call for aid to enable him to make an arrest on mesne process, or to secure the party after an arrest. *Buckminster* v. *Applebee,* 8 N. H. 546. *Griffin* v. *Brown,* 2 Pick. 310. *Cargill* v. *Taylor,* 10 Mass. 207. Bac. Ab. Escape in Civil Cases, D ; Rescue, E. 1 Backus on Sheriffs, 142, 143, 153, 256. 4. If an officer places his hand on one whom he is authorized to arrest, for the purpose of arresting him, with knowledge by such person of the officer's purpose, this is in law and in fact an arrest. Impey on Sheriffs, 81. Gwynne on Sheriffs, 96. *Genner* v. *Sparkes,* 1 Salk. 79. 5. The jury should have been allowed to take out the depositions with them. *Shute* v. *Robinson,* 41 N. H. 308. 6. The other instructions given were erroneous.

*T. H. Sweetser & A. F. L. Norris,* for the plaintiff. 1. It was not necessary to enter the action against Stoddard in court. 2. Evidence was admissible to contradict the officer's return. *Adey* v. *Bridges,* 2 Stark. R. 189. *Browning* v. *Hanford,* 7 Hill, N. Y.) 120. *Buckminster* v. *Applebee,* 8 N. H. 546. *Bruce* v. *Holden,* 21 Pick. 187. 2 Greenl. Ev. § 587. 3. It was for the jury to determine, under all the circumstances, whether the officer's exertions were reasonable and proper. *Bryant* v. *Commonwealth Ins. Co.* 13 Pick. 543. *Hindle* v. *Blades,* 5 Taunt. 225. *Jeffery* v. *Bastard,* 4 Ad. & El. 823. *Sutton* v. *Waite,* 8 Moore, 27. 2 Greenl. Ev. § 586. 4. The officer had power to call for aid. Gen. Sts. *c.* 17, § 67. And it was for the jury to determine whether he ought not to have done so. 5. The right to retake Stoddard after his escape might properly be exercised wherever the officer might find him. *Langdon* v. *Hathaway,* 1 N. H. 367. 6. Merely touching Stoddard's person while in pursuit of him was not a recaption, unless he was held and stopped, or the officer had such hold that it was in his power to stop him. *Griffin* v. *Brown,* 2 Pick. 309. 7. The court was right in refusing to send out the depositions which had been read in evidence. The court has no authority, even in its discretion, to send out testimony.

METCALF, J. 1. When this case was formerly before the court, (1 Allen, 350,) we decided that the averment, in the declaration,

42 *

that the writ against Stoddard was returnable to the court of common pleas, " as by the record of the same writ, in the same court remaining, more fully appears," was supported by proof that the writ was returned to the clerk's office and placed in the files of non-entries. So the reporter understood and stated the decision, as he was authorized by the fact that the point was argued, with other points, and that the court granted a new trial " upon a single ground," namely, an erroneous instruction given to the jury as to the defendant's liability for an escape ; thereby, by necessary implication, overruling the exception which is now brought again before the court. A writ, when returned, is matter of record. 1 Stark. Ev. (4th Amer. ed.) 285. Powell on Ev. 293. 1 Greenl. Ev. § 521.

2. It is not a matter of right that depositions used in the trial of a cause shall be delivered to the jury, on their retiring to consider of their verdict. It is matter of discretion, the exercise of which by a judge is not a legal ground of exception. See Graham on New Trials, 80 ; *Spence* v. *Spence,* 4 Watts, 168 ; *Alexander* v. *Jameson,* 5 Binn. 238.

3. We are of opinion that the judge correctly ruled that the return of Thomas, on the writ against Stoddard, was not conclusive in this action against the defendant for an escape. The defendant relies on the position, often found in the books, that an officer's return cannot be contradicted by parties and privies, except in an action against him for a false return. But we cannot see, on principle, any more reason why his return should be conclusive in this action for an escape — which assumes that the return was false — than in an action directly charging him with a false return. If his return be true, he may prove it to be so, as well in this action as in the other. His return is *prima facie* evidence of a rescue, and the burden is on the plaintiff to prove it false, as well in this action as in the other. And not one of the numerous books cited by the defendant's counsel, nor any case in any English book, shows that an officer's return of a rescue has ever been decided to be conclusive evidence in his favor in an action brought against him for an escape. On the contrary, there are recent English authorities which show

that it is not conclusive. It was so decided by Holroyd, J. in *Adey* v. *Bridges*, 2 Stark. R. 189. In *Jackson* v. *Hill*, 10 Ad. & El. 492, Patteson, J. denied that a return was conclusive in all cases except in an action for a false return, and said : " The case cited from the Yearbook " (5 Edw. IV. 1) " is strong to show that a return is conclusive only in the particular cause in which it is made ; and there is no authority the other way." See also Vin. Ab. Return, O. 25 ; 1 Saund. Pl. & Ev. (2d ed.) 1074 ; Atkinson's Sheriff Law, 247, 248. Watson's Sheriff, 72. 3 Phil. Ev. (4th Amer. ed.) 701. 1 Taylor on Ev. 702, 703.

If there are any decisions in this country which support the defendant's exception to the ruling on this point, we cannot follow them. We adopt the views of the supreme court of Vermont, in the case of *Barrett* v. *Copeland*, 18 Verm. 67, which cannot be distinguished, in principle, from the case before us. That was an action for an assault and battery and false imprisonment at B. The defendant pleaded, in justification, that he was a constable of the town of M ; that he arrested the plaintiff at M. on an execution ; that the plaintiff escaped, and that he pursued and recaptured him in the town of B. and conveyed him to M. on the way to prison. On the trial in the county court, the defendant gave in evidence the execution and his return thereon, in which he set forth an arrest of the plaintiff at M. as averred in the plea. The plaintiff offered evidence to contradict the return, but it was excluded, and the defendant obtained a verdict, on which judgment was rendered. The supreme court reversed that judgment. " The question," said Royce, J., " now presented is, whether the official return of a public officer is conclusive evidence in favor of such officer, in the prosecution or defence of a collateral action. We find it laid down as undoubted law, that such a return is admissible evidence in the officer's favor ; as also to affect the rights of third persons. But these authorities uniformly assert that when offered for such a purpose, it is but *prima facie* evidence. Its admissibility is put upon the ground of the general credit due to the return of such an officer, in cases where it is his duty to make a return. But, upon principle, it should be

subject to contradiction by third persons, because they are neither parties nor privies to the transaction, and because they would not, according to any precedent with which I am acquainted, be entitled to a remedy against the officer for a false return. It should also be open to contradiction collaterally, even by a party to the process. We are therefore of opinion that the plaintiff was entitled to go into evidence to disprove the alleged arrest at M. And for the rejection of the evidence, offered for that purpose, the judgment of the county court must be reversed." See also *Francis* v. *Wood*, 28 Maine, 69.

4. But we are of opinion that the jury were wrongly instructed that they were to determine whether Thomas ought not, under the particular circumstances of the case, to have called for aid in arresting Stoddard, and whether, if he had done so, he would not have secured him, and whether his omission to call for aid showed negligence on his part. Though an officer has authority, yet he is not bound, to call for aid in the service of mesne process, and is not liable for an escape that might have been prevented by his calling for aid, if the party arrested by him rescues himself or is rescued by others. *May* v. *Proby*, 3 Bulst. 200, 1 Rol. R. 388, 440, and Cro. Jac. 419. Watson's Sheriff, 60. *Griffin* v. *Brown*, 2 Pick. 304, 310. *Buckminster* v. *Applebee*, 8 N. H. 547. *Sutton* v. *Allison*, 2 Jones Law R. (N. C.) 341.

5. We are of opinion that, as to all things except the duty of Thomas to call for aid in the service of the process in his hands, the jury were rightly instructed that it was for them to decide whether Thomas used all reasonable and proper exertions to secure Stoddard, and that this question was not to be decided by the opinion and judgment of Thomas, at the time. But, for the reason already given, the instruction was erroneous, so far as it left the jury at liberty to decide whether Thomas, by not calling for aid, omitted a necessary and proper exertion to secure Stoddard.

6. We are also of opinion that the jury were wrongly instructed that to enable the defendant to set up a re-arrest of the debtor (Stoddard) by the officer (Thomas) the hold of the debtor by the officer would not be sufficient, unless the debtor was held

and stopped, or the officer had such a hold of him, that it was in his power to stop him.

There cannot be either an escape or a rescue of a person, unless he is first arrested. If an arrest is prevented by a party's avoidance or resistance of an officer, or by the interference of others, the party does not escape, and the officer is not liable in an action for an escape, but is liable, if at all, in an action for negligence in not making an arrest when he might and ought. And the law is the same in regard to a rescue. An officer can-not legally return a rescue of a party whom he had not arrested. Such a return would be false. We have therefore, in deciding on this last instruction given to the jury, to consider the ques-tion — what constitutes an arrest? And our opinion is, that an officer effects an arrest of a person whom he has authority to arrest, by laying his hand on him for the purpose of arresting him, though he may not succeed in stopping and holding him. 1 Hale P. C. 459. *Genner* v. *Sparkes*, 1 Salk. 79, and 6 Mod. 173. *Sheriff of Hampshire* v. *Godfrey*, 7 Mod. (Leach's ed.) 289. *Williams* v. *Jones*, Rep. Temp. Hardw. 301. Bul. N. P. 62. Watson's Sheriff, 90. *United States* v. *Benner*, Bald. 239. And we need not express an opinion as to what else will or will not amount to an arrest. We think that the instruction, prayed for on this point by the defendant, should have been granted, and that the exception taken to the instruction that was given must be sustained. *New trial granted.*