**The STATE of Ohio, Appellee,**

v.

**RAINES, Appellant.**

[Cite as *State v. Raines* (1997), 124 Ohio App.3d 430.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970014.

Decided Dec. 12, 1997.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, for appellee.

*Roxann H. Dieffenbach,* for appellant.

MARIANNA BROWN BETTMAN, Judge.

Defendant-appellant George Raines appeals from his conviction and sentence for burglary pursuant to R.C. 2911.12(A)(2). His sole assignment of error, that the evidence was insufficient to support his conviction under this provision of the burglary statute, is sustained.

In this case, a police officer on routine bicycle patrol saw Raines leaning into the driver's-side window of a running parked car in a high-crime neighborhood. He then saw Raines reach down and place something in his shoe. The officer testified that when he was about ten feet from Raines, he told Raines to stop because he needed to talk to him. Instead, Raines fled. The officer told him to stop and that he was under arrest, but Raines kept fleeing. Raines ran into an apartment building, knocked on a door at random, and, when it was answered, pushed or "conned" his way inside. The officer followed him and gained

admittance to the apartment. Although no drugs were found, Raines was arrested and ultimately charged with burglary under R.C. 2911.12(A)(2).

R.C. 2911.12(A)(2) states that no person by force, stealth, or deception shall trespass in an occupied structure when another person is present, with the purpose to commit any criminal offense therein. It is the state's position that Raines was guilty of this crime because he entered the apartment with the intent to commit the crime of resisting arrest. We disagree. Further, contrary to the suggestion in the dissenting opinion, at no time in this case, either at the trial level or before this court, has the state argued that Raines entered the dwelling with the intent to obstruct official business. Raines was originally charged with resisting arrest and disorderly conduct. Those charges were dropped in favor of the burglary charge when the matter was bound over from juvenile court.

The crime of resisting arrest is codified at R.C. 2921.33(A), which states that "no person recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." A lawful arrest is an element of this offense. *State v. Kuehne* (Mar. 6, 1996), Hamilton App. No. C–940971, unreported, 1996 WL 97560. Although the officer testified that he chased Raines and told Raines to stop because he was under arrest, this was not so. " '[A]n officer effects an arrest of a person whom he has authority to arrest by laying his hand on him for the purpose of arresting him, though he may not succeed in stopping and holding him.' " *California v. Hodari D.* (1991), 499 U.S. 621, 624, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690, 696, quoting *Whithead v. Keyes* (1862), 85 Mass. 495, 501; see, also, *State v. Franklin* (1993), 86 Ohio App.3d 101, 619 N.E.2d 1182. Alternatively, an arrest is " 'an assertion of authority and purpose to arrest followed by submission of the arrestee * * *. [T]here can be no arrest without either touching or submission.' " *Hodari, supra,* at 626–627, 111 S.Ct. at 1551, 113 L.Ed.2d at 697, quoting Perkins, The Law of an Arrest (1940), 25 Iowa L.Rev. 201, 206. Thus, Raines was never arrested in this case before he ran into the apartment.

Further, there was no probable cause to arrest Raines established on this record before Raines entered the apartment. The record in this case establishes only that the officer had an articulable suspicion that Raines was engaged in criminal activity. Where articulable suspicion, but not probable cause to arrest exists, fleeing from a request for a *Terry* -type stop, while not behavior we condone in any way, does not constitute the crime of resisting arrest. *State v. Bradley* (Mar. 11, 1993), Franklin App. No. 92AP–1496, unreported, 1993 WL 69474; *State v. McCullough* (1990), 61 Ohio Misc.2d 607, 580 N.E.2d 1180.

Raines's sole assignment of error is sustained. However, we agree that the evidence at trial does support a conviction for the lesser-degree offense of

burglary under 2911.12(A)(4).[1] Accordingly, we reverse the conviction under R.C. 2911.12(A)(2) and remand the matter to the trial court to enter a judgment of conviction in accordance with this decision, including imposition of the appropriate sentence.

*Judgment reversed*
*and cause remanded.*

GORMAN, J., concurs.

HILDEBRANDT, P.J., dissents.

HILDEBRANDT, Presiding Judge, dissenting.

I dissent because I disagree with my colleagues' holding that the evidence against appellant was insufficient to convict him of burglary under R.C. 2911.12(A)(2). The majority holds in part that the officer had no probable cause to arrest appellant; that appellant could therefore not commit the crime of resisting arrest, an element of which is a lawful arrest; and that appellant consequently did not enter the occupied structure with intent to commit a crime.

A well-established principle of appellate review is that a reviewing court will not reverse the decision of the lower court when that court reached the correct result even though the reasons articulated to support the decision were erroneous.[2] This court should uphold the decision of the trial court if the judgment is supported for any lawful reason. I would hold that appellant committed the crime of obstructing official business, R.C. 2921.31, and therefore could be convicted of burglary under R.C. 2911.12(A)(2), since he forced his way into an apartment to prevent the officer from performing a *Terry*[3] detention.

In this case, the majority concedes that the officer was acting lawfully when he initiated the brief detention associated with a *Terry* stop. The majority goes on to state that fleeing a *Terry* stop does not constitute resisting arrest. Even if that statement is true, it does not follow that fleeing a *Terry* stop is lawful. On

---

1. R.C. 2911.12 reads as follows:

   "(A) No person by force, stealth, or deception, shall do any of the following:
   " * * *
   "(4) Trespass in a permanent or temporary habitation of any person when any person *is* present or likely to be present."

2. *State v. Allen* (1996), 77 Ohio St.3d 172, 173, 672 N.E.2d 638, 639; *State v. Rudge* (1993), 89 Ohio App.3d 429, 437, 624 N.E.2d 1069, 1074; *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E.2d 658, 663; *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174.

3. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

the contrary, such conduct clearly violates the dictates of R.C. 2921.31, obstructing official business, a second-degree misdemeanor:

"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

By fleeing from an officer attempting to conduct a lawful *Terry* detention, appellant hampered the officer in the performance of his official duties. Appellant then entered a building and forced his way into an apartment to further "prevent, obstruct, or delay" the officer from conducting a permissible detention. The evidence demonstrated that appellant forced his way into the apartment for the purpose of committing a violation of R.C. 2921.31, thereby committing burglary under R.C. 2911.12(A)(2).

Appellant's conviction for burglary was proper, although for reasons other than those articulated by the court below. Because the trial court reached the right result, I would affirm the judgment below.