OPINION
Appellant, Jamie L. Smith, appeals a judgment of the Lima Municipal Court, Allen County, Ohio, convicting him on one charge of using a weapon while intoxicated, and one charge of obstructing official business. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.
During the early evening hours of May 12, 1999, Appellant was involved in an altercation at the Firehouse bar in Lima. As a result, he was asked to leave the establishment by owner, Frank Lombardo. Several hours later, during the early morning hours of May 13, 1999, police officers responded to the Firehouse on a report that gunshots were fired in the area. After speaking with eyewitnesses and searching the surrounding neighborhood, police recovered two handguns and obtained a description of the suspect. Shortly thereafter, Appellant was arrested and charged with intoxication, aggravated menacing, using weapons while intoxicated, pointing and discharging a firearm, and obstructing official business.
Subsequently, on July 27, 1999, a trial to the bench was conducted on the preceding charges. After hearing testimony from numerous witnesses, the trial court found Appellant not guilty on the charges of aggravated menacing, and pointing and discharging a firearm. However, the trial court found Appellant guilty on the charges of using weapons while intoxicated in violation of R.C.2923.15(A), a first degree misdemeanor; obstructing official business in violation of R.C. 2921.31(A), a second degree misdemeanor; and intoxication.[1]
Appellant timely appeals the convictions of using weapons while intoxicated, and obstructing official business, assigning two errors for our review.
Assignment of Error No. 1
 The trial court erred in finding the defendant guilty of carrying a firearm while under the influence of alcohol when such a verdict is against the manifest weight of the evidence.
 The proper standard to employ when considering an argument that a conviction was against the manifest weight of the evidence has been set forth as follows:
 "The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the [fact-finder] clearly lost its way * * *"
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain manifest weight arguments only in the most extraordinary cases. Thompkins, 78 Ohio St.3d at 387.
Revised Code 2923.15(A) provides:
 No person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm or dangerous ordnance.
 Explicit in this statute is a finding that the offender was under the influence of alcohol or any drug of abuse. Not only does the record sufficiently establish that Appellant was under the influence of alcohol during the early morning hours of May 13, 1999, but Appellant does not appeal the trial court's determination that he was intoxicated. Therefore, we accept the trial court's finding that he was under the influence.
 Notwithstanding, Appellant claims that the recordinsufficiently demonstrates that he was carrying or using afirearm or dangerous ordnance. In support, Appellant argues thattestimony by the State's witnesses, Frank Lombardo, Caleb Hartman,Christina Hilgart, and Jonathan Smith, is inconclusive to supporta conviction on this charge. Specifically, Appellant argues thatthese four witnesses testified that they neither saw Appellantcarrying a firearm, nor were they able to positively identify himnear the area where the crime was committed.
Despite Appellant's argument, the veracity of these witness' testimony was challenged by several Lima police officers that also testified at trial. Specifically, Officer Godfrey testified that on May 13, 1999, Christina Hilgart provided a description of the suspect to police that differed from her testimony at trial. Additionally, Officer Mohler testified that Frank Lombardo told her that he overheard Appellant threaten to return with a gun after being asked to leave the bar. At trial, however, Lombardo testified that he could not remember Appellant making such a statement. Finally, Officer Delong testified at trial that on May 13, 1999, Jonathan Smith, a relative of Appellant, identified the suspect as a white male with long blond hair. However, at trial, Smith testified that he never got a good look at the suspect and was not sure if the suspect was male or female.
After hearing all the evidence, the trial judge stated that theonly believable testimony was that of the police officers, andthat the testimony of the other witnesses "was largely one of selfinterest, protecting family, friends and customers . . ." The courtthen noted the testimony of Detective Stevenson, who stated thatAppellant had previously identified one of the weapons recoveredby police as being owned by his brother Timothy Smith. The courtalso noted that there is more reason to believe that JonathanSmith positively identified Appellant as the individual with thegun on the night in question, than to believe his ambiguoustestimony at trial.
After reviewing the record, weighing the evidence, and considering the credibility of the witnesses, we find that the trial court did not clearly lose its way in resolving this matter. As did the trial court, we find it decidedly convenient that the testimony of several of the witness at trial differed in great detail from their prior statements made to police officers. Therefore, we hold that the trial court's decision was not against the manifest weight of the evidence.
Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
Assignment of Error No. 2
 The trial court abused its discretion by finding Defendant guilty of obstructing official business for failing to obey a police officer's order to stop where there was no probable cause to arrest Defendant.
 The crime of obstructing official business is found in R.C. 2921.31(A), which states:
 No person, without privilege to do so and with the purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
 Appellant argues that the trial court abused its discretion in finding Appellant guilty of obstructing official business. Initially, we note that sufficiency of the evidence, not abuse of discretion, is the correct standard of review. Regarding sufficiency of the evidence, the Supreme Court of Ohio stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, at syllabus.
With respect to the elements of obstructing official business, Appellant concedes that he impeded official police business by running from police officers after being ordered to stop. Notwithstanding, Appellant argues that pursuant to R.C. 2921.31(A) he was privileged to run from the officers because they lacked probable cause to arrest him.
In Terry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889,88 S.Ct. 1868, the United States Supreme Court held that police officers may conduct a brief, investigatory stop of an individual, even in the absence of probable cause, if the officer has a reasonable, articulable suspicion that criminal activity is afoot. However, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry,392 U.S. at 21; See also State v. Andrews (1991), 57 Ohio St.3d 86,87.
The record demonstrates that on the night of the incident, police officers had spoken with several eyewitnesses who provided a description of the suspect, as well as his whereabouts. Specifically, police learned that the suspect was a white male with long blond hair, wearing a white t-shirt. Police also learned that the suspect was seen in the area where the gunshots were fired, fleeing both on foot and in a beige van. Additionally, Appellant was seen in the general vicinity of the crime, and he matched the description of the suspect given to police.
Accordingly, we find that the record sufficiently demonstrates that police officers had a reasonable articulable suspicion to effectuate an investigatory stop pursuant to Terry, above.
Additionally, we note that Appellant was not privileged to run from police officers after being ordered to stop. Revised Code Section 2901.01(12) defines privilege as:
 [A]n immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity.
Regarding this issue, the First District Court of Appeals stated:
 "Privilege" in the context of R.C. 2921.31 refers to a positive grant of authority entitling one to deliberately obstruct or interfere with a police officer performing his lawful duty.
 State v. Stayton (1998), 126 Ohio App.3d 158, 163. In Stayton, the court also noted that an individual is not privileged simply because his or her conduct is not illegal. Id. The burden of proof is on Appellant to establish a privilege. State v. Foster (Sept. 17, 1997), Seneca App. No. 13-97-09, unreported. Appellant has failed to identify and establish a privilege pursuant to R.C. 2901.01(12) and, therefore, Appellant's acts are not privileged.
 Notwithstanding the fact that police officers had reasonablesuspicion to conduct an investigatory stop, Appellant furtherargues that the act of fleeing from a police officer during aTerry stop does not constitute obstructing official businesspursuant to R.C. 2921.31(A). We agree.
In State v. Gillenwater (April 2, 1998), Highland App. No. 97 CA 0935, unreported, the Fourth District Court of Appeals directly addressed this issue. In ruling that fleeing from a police officer during a Terry stop is not obstructing official business, the court held that the defendant's actions did not constitute "an affirmative act that directly interfered with the patrolman's duty." Id. The court in Gillenwater further stated:
 If the legislature had intended such conduct to constitute an offense, we believe that it would have enacted legislation to that effect, as it has with other flight situations and failures to comply with an officer's order.
 Id.
While we sympathize with the plight of law enforcement officers who are reasonably attempting to conduct their duties to investigate criminal behavior, and while we are not condoning Appellant's suspicious behavior, we cannot hold that merely fleeing from a request to stop constitutes the type of affirmative act required by the legislature to sustain a conviction for the specific offense of obstructing official business. As further support for our decision, we note several analogous decisions from various appellate districts. See State v. Raines (1997),124 Ohio App.3d 430 (fleeing from a police officer during a Terry stop does not constitute resisting arrest); City of Garfield Heights v.Simpson (1992), 82 Ohio App.3d 286, City of Hamilton v. Hamm
(1986), 33 Ohio App.3d 175 (both holding that one cannot obstruct official business by doing nothing).
Accordingly, Appellant's second assignment of error is welltaken and is therefore sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed with respect to Appellant's conviction for using weapons while intoxicated, and reversed with respect to Appellant's conviction on obstructing official business, and the matter is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part and reversed in part and Cause remanded.
 ______________________________ WALTERS, PRESIDING JUDGE
 HADLEY, P.J., concurs.
 BRYANT, J.,. dissents.
[1] Although the record does not demonstrate the applicable Revised Code section, Appellant does not appeal this conviction and, therefore, we accept the trial court's findings of fact as true.