Because I believe that fleeing from an officer attempting to effect a lawful Terry detention can be an affirmative act sufficient to constitute Obstructing Official Business, I respectfully dissent with that part of the majority opinion holding that the evidence against Appellant was insufficient to support his conviction.
The majority holds that "merely fleeing from a request to stop [does not] constitute the type of affirmative act required by the legislature to sustain a conviction for obstructing official business." That is, the majority holds today that, as a matter of law, when a suspect flees from a police officer who is attempting to effectuate a constitutionally valid Terry stop, the act of fleeing is not an "affirmative act" sufficient to support a conviction pursuant to R.C. § 2921.31.
In the case sub judice, assuming arguendo that the officers lacked probable cause to make an arrest, the majority concedes that there was reasonable suspicion sufficient to briefly detain Appellant as part of an warrantless, investigatory stop under the principles announced in Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889, and its progeny. The record indicates that the officers were responding to gunshots and, after speaking with numerous eyewitnesses, obtaining the name and a description of the Appellant, stopping two vehicles, engaging in a foot pursuit, and recovering two handguns, Appellant was arrested. The Obstructing Official Business charge arises from Appellant fleeing from two police officers who, while conducting a foot search for an individual matching Appellant's description, observed Appellant walking in the vicinity of the shooting. Upon observing Appellant, one police officer instructed Appellant to "stop," whereupon Appellant ran. Following a lengthy foot chase, Appellant was discovered hiding under a bush and was apprehended.
The essential elements of the crime of Obstructing Official Business are: (1) an act by a defendant; (2) that hampers or impedes a public official; (3) in the performance of lawful duties; (4) the act by defendant must be done with the purpose to prevent, obstruct, or delay such performance; and, (5) defendant does so without a privilege to so act.
The act with which we are here concerned is that of Appellant fleeing from the police officers after being told to stop. The majority concedes that Appellant was not privileged to run from the police officers after being ordered to stop. Furthermore, there is no dispute that police officers are "public officials" within the ambit of the statute. See, e.g., Dayton v. Peterson
(1978), 56 Ohio Misc. 12. Similarly, there is no dispute that a police officer acts lawfully when he attempts to initiate the brief detention associated with a Terry stop.
The remaining two elements, engaging in the act with the purpose to prevent, obstruct, or delay performance with the result of the act being that the public official was hampered or impeded, although ostensibly in dispute, were also clearly established by the evidence. It is certainly reasonable to infer that by fleeing in response to a lawful order to stop, Appellant intended to prevent, obstruct, or delay the police officers in their attempt to detain Appellant during the course of their investigation. Likewise, there was sufficient evidence that Appellant hindered the officers in the performance of their lawful duties. Appellant's actions clearly hindered the officers' ability to determine whether Appellant was involved in the underlying report. Similarly, by fleeing, Appellant impeded the officers' lawful investigatory stop of Appellant.
The majority places great importance on the decision rendered by the Fourth Appellate District in State v. Gillenwater (April 2, 1998), Highland App. No. 97CA0935, unreported, wherein that court concluded as follows:
 [W]e do not believe that the legislature intended flight from a Terry situation to constitute a criminal offense. If the legislature had intended such conduct to constitute an offense, we believe that it would have enacted legislation to that effect, as it has with other flight situations and failures to comply with an officer's order. (Citations omitted). Id. at *4.
I disagree. The facts of this case clearly implicate the statute; there are no concerns with the text of the statute being vague or ambiguous. Furthermore, when the statute is applied to the present facts, the result is a constitutionally valid conviction. When a statute is clear in its text, is implicated by the facts of the case, and when applied produces a constitutionally valid result, I see no reason for resorting to "principles" of statutory construction in an effort to reach the conclusion that otherwise prohibited conduct was not really intended by the legislature to be prohibited.
Any necessary questions concerning the legislative intent may be satisfied by considering the Committee Comment:
 This section consolidates a plethora of separate sections in former law of which the gist was hampering, impeding, obstructing, or interfering with particular public officials in certain duties. Under this section, the means used to commit the offense is unimportant, so long as it is done without privilege, and with the purpose of preventing, obstructing, or delaying an official act, and actually has its intended effect. (Emphasis added).
The enacting body made it clear that any act done without privilege and with purpose to obstruct, prevent, or delay an official act, that has the intended effect, is sufficient to support a conviction pursuant to R.C. § 2921.31. So long as the remaining elements are established by the requisite burden of proof, fleeing from a lawful Terry stop falls, in my view, within the ambit of the statute, as evidenced by the text of the statute and the Committee Comment.
In support of their conclusion, the majority relies upon a line of cases that are purportedly "analogous" to Gillenwater. The first case cited by the majority is State v. Raines (1997),124 Ohio App.3d 430. Raines is completely inapplicable to the present case. Raines involved a defendant who fled from a lawful Terry
stop and was ultimately charged with Resisting Arrest, pursuant to R.C. § 2921.33. Resisting Arrest is simply not analogous to Obstructing Official Business as suggested by the majority. An essential element of Resisting Arrest is that the defendant must have resisted a lawful arrest. See, R.C. § 2921.33(A). When a police officer lacks probable cause to make a warrantless arrest but does possess reasonable suspicion sufficient to briefly detain Appellant as part of a warrantless, investigatory stop under the principles announced in Terry, there is no "arrest" in the constitutional sense sufficient to support a Resisting Arrest conviction. Consequently, the majority's reliance upon those cases holding that flight from a lawful Terry stop is insufficient to support a conviction pursuant to R.C. § 2921.33 is misplaced.
In further support of their conclusion the majority cites a lines of cases holding that an omission or failure to act does not constitute an affirmative act sufficient to support a conviction for Obstructing Official Business. While I agree with the result, this line of cases is of no consequence to the present case. Appellant is not charged with refusing to sign an agreement to pay a fine imposed by a court or refusing to be fingerprinted, disclose his name, or provide his driver's license, rather, Appellant is charged with fleeing from a lawful command to stop. Purposely fleeing from what is obviously a police officer performing an official act is certainly not an omission or failure to act.
The rule adopted by the majority today deprives investigating officers of a tool provided by the legislature and potentially places police officers at an unnecessary risk. That is, the holding of the majority potentially inhibits the police officer in the performance of his lawful duty by possibly encouraging suspects to flee.
In sum, because I believe that a defendant may be convicted of a violation of R.C. § 2921.31 where he purposely flees from what is obviously a police officer performing an official act, I would overrule Appellant's Second Assignment of Error and hold that there was sufficient evidence to support the conviction for Obstructing Official Business.