DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio appeals the judgment of the Athens County Municipal Court, which dismissed two criminal complaints against Defendant-Appellee Jeremy F. Gilchrist. Specifically, the trial court dismissed complaints asserting that appellee had harassed a police dog, in violation of R.C. 2921.321(B)(1), and resisted arrest, in violation of R.C. 2921.33. The trial court found, based on the factual scenario of this case, that enforcement of R.C. 2921.321 was unconstitutional as it violated appellee's freedom of speech under the First Amendment to the United States Constitution.
 {¶ 2} The state asserts that the trial court's decision to dismiss the harassment charges was erroneous because the court misinterpreted R.C. 2921.321 by adding an element not found in the statute. In addition, the state asserts that regardless of whether the dismissal of the harassment charges was proper, the resisting arrest complaint was erroneously dismissed.
 {¶ 3} For the reasons that follow, we disagree and affirm the judgment of the trial court.
 Appellee's Interaction with a Police Dog {¶ 4} On September 29, 2001, at approximately 3:00 a.m., Defendant-Appellee, along with several friends, exited an apartment in Athens, Ohio. Most of the group proceeded north on Court Street, walking on the west side of the street. At that time, Athens City Police Officers were searching a vehicle parked on the east side of Court Street. The officers had completed "sweeping" the vehicle with a police dog and had returned the dog to a marked police car. The police car, which was parked directly behind the vehicle being searched, was clearly labeled as a "K-9 Unit." While in the police vehicle, the police dog barked continuously.
 {¶ 5} Shortly after coming out of the apartment, appellee heard the police dog barking and responded to the dog by making barking noises from across the street. Appellee's barking caused the police dog to become excited, jump around the inside of the police vehicle, and bark more. One of the police officers on the scene approached appellee and informed him that he was being arrested for harassing a police dog. The officer forced appellee against a wall and started to handcuff him, placing appellee's hands behind his back. Appellee protested and attempted to turn to face the police officer. The officer responded by forcing appellee to the ground and handcuffing him.
 Appellee's Motion to Dismiss {¶ 6} Appellee was charged with harassing a police dog, in violation of R.C. 2921.321(B), and resisting arrest, in violation of R.C. 2921.33. Appellee pled not guilty and moved for a dismissal of the charges. Appellee asserted that enforcement of the police dog harassment under the factual scenario before the court would amount to a violation of appellee's First Amendment right to free speech.
 {¶ 7} The trial court conducted a hearing on appellee's motion to dismiss. Several witnesses testified at the hearing, including appellee, some of appellee's friends, and Officer Osborne of the Athens City Police Department, the police dog's handler. Appellee and his friends generally testified that they had been drinking and were joking around with each other when appellee barked twice. They further testified that they were walking down the street when appellee made his barking noises. Finally, appellee testified that he was not warned about the barking noises and that he simply was trying to reason with the arresting officer when he turned to face the officer during the arrest.
 {¶ 8} On the other hand, Officer Osborne testified that appellee stood across from the marked "K-9" unit and continuously barked and gestured at the police dog in the vehicle for more than thirty seconds. Officer Osborne also testified that the dog became so excited that it was shaking the police vehicle and barking frantically. The officer further testified that the dog was moving between the front and back seats of the police vehicle and could have broken through the front door windows in reaction to appellee, whom the officer considered a threat. In addition, she testified that she was unable to order the dog to calm down or to control the dog because at the time of appellee's actions, she was inside the vehicle being searched. The officer did not contest appellee's recollection that he was not warned about the barking before the arrest was made.
 The Trial Court's Judgment {¶ 9} Initially, the trial court noted that although many jurisdictions have enacted statutes such as the one in Ohio, there is no caselaw dealing with a similar factual situation. Specifically, the trial court noted that most prosecutions involving police dog protection statutes involve the defendant making physical contact with, or causing physical harm to, the animal. Further, the trial court noted that, "It is difficult to conclude that the statute or the enforcement action herein `is narrowly drawn' to achieve protection from a clear and present danger to the police dog in this case." The trial court also noted that appellee was not warned and that no attempt was made to control the dog prior to appellee's arrest. Thus, the trial court found that "the enforcement of R.C. 2921.321 in response to `barking' with or at a police dog is prohibited where the defendant is at least thirty feet removed from the animal and there is no possibility of any physical contact with the police dog." The trial court dismissed the charges against appellee.
 The Appeal I. Assignments of Error {¶ 10} The state appealed the judgment of the trial court and presents the following assignments of error for our review.
 {¶ 11} First Assignment of Error: "The trial court erred in holding that enforcement of R.C. Section 2921.321 in response to `barking' with or at a police dog is prohibited where the defendant is at least thirty feet removed from the animal and there is no possibility of any physical contact with the police dog."
 {¶ 12} Second Assignment of Error: "The trial court erred in dismissing the complaint for resisting arrest since the officer need only have probable cause to believe that the barking and conduct toward the K-9 constituted the offense."
 II. Motion to Dismiss and Standard of Review {¶ 13} Appellant's assignments of error amount to a challenge of the trial court's decision to grant appellee's motion to dismiss. In general, when reviewing a trial court's decision to grant or deny a motion to dismiss, an appellate court will defer to a trial court's factual findings, but must independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case. See State v. James, Vinton App. Nos. 00CA546, 00CA547, 00CA548, 00CA549, 00CA550, 00CA551, 2001-Ohio-2585, citing Statev. Fleming (Apr. 25, 1997), Portage App. No. 96-P-0210; see, also, Statev. Williams (1994), 94 Ohio App.3d 538, 543, 641 N.E.2d 239;Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership (1992),78 Ohio App.3d 340, 346, 604 N.E.2d 808. Accordingly, we apply a de novo standard of review. See id.
 A. An Added Element to R.C. 2921.321(B)(1) {¶ 14} Appellant asserts in its First Assignment of Error that the trial court impermissibly added a proximity element to R.C. 2921.321, thereby requiring that a defendant's taunting of a police dog occur within thirty feet of the animal.
 {¶ 15} R.C. 2921.321(B) provides in pertinent part that, "No person shall recklessly do any of the following: (1) Taunt, torment, or strike a police dog or horse * * *." The term "taunt" is not defined in the statute or elsewhere in the Ohio Revised Code. Also, the statute does not contain any legislative history relevant to its terminology. Nevertheless, R.C. 1.42 provides that, "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." See, also, Chari v. Vore, 91 Ohio St.3d 323, 2001-Ohio-49,744 N.E.2d 763; State ex rel. Antonucci v. Youngstown City School Dist.Bd. of Edn., 87 Ohio St.3d 564, 2000-Ohio-246, 722 N.E.2d 69. Furthermore, when interpreting a statute, it is the duty of the courts to give effect to words used in the statute and not to delete words or insert words not used. See State ex rel. Purdy v. Clermont Cty. Bd. ofElections, 77 Ohio St.3d 338, 1997-Ohio-278, 673 N.E.2d 1351; State v.Taniguchi, 74 Ohio St.3d 154, 1995-Ohio-163, 656 N.E.2d 1286.
 {¶ 16} The word "taunt" has been defined as follows: "a sarcastic challenge or insult," "to reproach or challenge in a mocking or insulting manner," or to "jeer at." See Merriam-Webster Online Dictionary (2002),taunt, (visited February 27, 2003)www.m-w.com`. In applying this definition to the statute, it would appear that the intent of the statute is to prohibit the jeering at, sarcastically challenging, mocking, or insulting a police dog. Appellant is correct that the statute does not require that a defendant's mocking of a police dog occur within thirty feet of the animal.
 {¶ 17} However, contrary to appellant's position, our review of the trial court's judgment reveals that it found that enforcement of the statute under the present scenario would violate appellee's right to free speech and did not add an element to R.C. 2921.321. The trial court noted that because physical contact could not have occurred between the police dog and appellee, and since appellee was across the street from the vehicle that contained the dog, appellee's arrest and the complaint against him were based exclusively on his barking (i.e., speech).
 {¶ 18} Furthermore, in its brief before this Court, appellant does not challenge the trial court's finding that under the present facts, enforcement of R.C. 2921.321(B) would be unconstitutional. The state has made no attempt in its brief before this Court to address theFirst Amendment issues. Accordingly, we see no reason to raise the issue sua sponte. See App.R. 12(A)(2); Austin v. Squire (1997), 118 Ohio App.3d 35,691 N.E.2d 1085 ("Court of Appeals may disregard errors not separately assigned and argued in appellant's assignment of error.").
 {¶ 19} Therefore, we overrule appellant's First Assignment of Error.
 B. Resisting Arrest {¶ 20} In its Second Assignment of Error, the state asserts that even if the trial court properly dismissed the charge of harassing a police dog, it was error to dismiss the charge of resisting arrest.
 {¶ 21} R.C. 2921.33(A) provides that, "No person, recklessly or by force, shall resist or interfere with the lawful arrest of the person or another." A "lawful arrest" is an element of the offense of resisting arrest, and the prosecution must prove beyond a reasonable doubt that the arrest allegedly resisted was lawful. See id.; State v. Raines (1997),124 Ohio App.3d 430, 706 N.E.2d 414; State v. Thompson (1996),116 Ohio App.3d 740, 689 N.E.2d 86; State v. Alley (Apr. 28, 1999), Pike App. No. 97CA603. In order to show a "lawful arrest" the state must prove not only that there was a reasonable basis to believe an offense was committed, but also that the offense was one for which the defendant could be lawfully arrested. See id.; State v. Maynard (1996),110 Ohio App.3d 6, 10, 673 N.E.2d 603 (holding that in order to prove a "lawful arrest," there must be "probable cause by the evidence of reasonable grounds for the arrest."). However, the state need not prove beyond a reasonable doubt the elements of the underlying offense for which the arrest was originally being made. See id.; see, also, Warrenv. Patrone (1991), 75 Ohio App.3d 595, 600 N.E.2d 344 (holding that a defendant is not required to be convicted of the charge for which he was arrested in order to be convicted of resisting arrest).
 {¶ 22} In the case sub judice, appellee was approached by a police officer and informed that he was under arrest for taunting a police dog. According to the complaint, while being arrested, appellee "attempted to run away, then tried to pull himself free," and "had to be placed on the ground to be controlled." Thus, there is no issue as to whether appellee was arrested. See California v. Hodari D. (1991), 499 U.S. 621,624, 111 S.Ct. 1547, quoting Whithead v. Keyes (1862), 85 Mass. 495, 501
("'[A]n officer effects an arrest of a person whom he has authority to arrest by laying his hand on him for the purpose of arresting him, though he may not succeed in stopping and holding him.'"). However, we must determine whether the appellee's arrest was lawful.
 {¶ 23} In State v. Lamm (1992), 80 Ohio App.3d 510, 609 N.E.2d 1286, this Court reviewed the dismissal of charges against a defendant for disorderly conduct and resisting arrest. In addressing the issues in that case, this Court noted that, "A person may not be punished for speaking boisterous, rude or insulting words, even with the intent to annoy another, unless the words by their very utterance inflict injury or are likely to provoke the average person to an immediate breach of the peace." Lamm at 513. Accordingly, we held that because the evidence failed to establish that the profanity uttered and shouted by the defendant towards the police officer issuing him a citation was likely to inflict injury or provoke an average person to an immediate retaliatory breach of the peace, the officer had no probable cause to arrest the defendant for disorderly conduct.[1] See id. at 514. In addition, this Court held that the defendant could not be charged for resisting arrest because his arrest was not lawful, as it was not supported by probable cause. See id. at 515.
 {¶ 24} We find the circumstances of Lamm to be analogous to the present case. Appellee was arrested for barking, from across a public street, at a police dog locked in a police cruiser. Assuming the propriety of the trial court's determination that appellee's arrest for harassing a police dog was unconstitutional, an issue we do not address because appellant has failed to raise it, we find that appellee's arrest was not supported by probable cause. Accordingly, appellee's arrest was not lawful and he could not be charged with resisting arrest under R.C.2921.33. See Lamm, supra. Thus, the trial court's dismissal of the resisting arrest charge was not erroneous.
 {¶ 25} Appellant's Second Assignment of Error is overruled.
 Conclusion {¶ 26} Therefore, appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ATHENS COUNTY MUNICIPAL COURT to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.
[1] We note that R.C. 2917.11(A)(3), which prohibits "disorderly conduct," uses the term "taunting" as does the police dog harassment statute. In the context of disturbing the peace, as we noted in Lamm, only speech that constitutes "fighting words" may be punished as disorderly conduct or disturbing the peace.